(39 Misc. Rep. 344.)

HOROWITZ v. FUCHS et al.

(Supreme Court, Appellate Term. November, 1902.)

1. MUNICIPAL COURT—OPENING DEFAULT.

Under Laws 1902, c. 580, § 253, where a justice sets aside a judgment by default against plaintiff in the municipal court of the city of New York, he may provide that the case be set down for trial on a day certain.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Fannie Horowitz against Louis Fuchs and others. From an order setting aside a default judgment against plaintiff, and setting the case down for trial, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and BLANCHARD and MacLEAN, JJ.

Abraham B. Schleimer, for appellant.
Case & Newkirk, for respondents.

MacLEAN, J. In replevin, begun by the issue of a summons, July 19, 1902, a horse and wagon were taken into possession by the marshal. On the return day, July 29th, the plaintiff appeared, and one Klein, who had been served as "John Doe," answered, "Demand the return of the chattels and $100 damages." Then the cause was adjourned to August 13th to be tried. On the call of the calendar that day the plaintiff asked for an adjournment, which was refused upon the objection of Klein. When the cause was subsequently called for trial in the due course of business of the court, the plaintiff failed to appear, and judgment was accorded the defendants on default, for the return of the chattels or their value, assessed at the amount given in the plaintiff's complaint. Code Civ. Proc. §§ 1691, 1726, 1730. Sundry. proceedings were had before September 11th, when the plaintiff's counsel, upon his own affidavit, verified that day, procured an order to show cause why the judgment should not be vacated and set aside, with other relief. The motion was argued on its return day, the 15th, and on the 18th it was ordered that the judgment be vacated, "but without costs, and that the action be, and the same hereby is, set down for trial on September 24, 1902." From so much of the order as is contained in the words quoted in the last sentence comes this appeal, whereupon are presented and pressed several points. Most of them are met by the history given above and by the notice of appeal, showing that the only part of the order here to be considered is the portion setting down the cause for trial upon a day certain, and which portion the appellant would have reversed. Her counsel insists that the justice had no jurisdiction again to set the cause down for trial, that the judgment was a nullity, and that the vacation of it restored the parties to their position upon her failure to appear at the calling of the cause for actual trial, which failure, she claims, "virtually amounted to a discontinuance of the action"; for, "when the court rendered the said judgment, the case was put out of court." It might be argued, ab inconvenienti, that this adjustment would leave the plaintiff in possession of the horse and wagon, and their late possessor with nothing but his lawyer to pay, and the option of instituting new litigation for himself. The propositions of the appellant's counsel are not supported by the cases he cited, nor by the law upon which he calls. The whole matter being one of procedure, the law governing it is the statute obtaining at the time the justice acted, to wit, section 253, c. 580, Laws 1902, which went into effect September 1st, and not section 1367 of the consolidation act, as stated, though there is practically little difference between them in so far as concerns the question in hand. That section of the statute empowering the justice to open the default—the power invoked by the plaintiff, now appellant—empowered him also to set the cause down for trial. That power was not exhausted by halves. Nor did the words of the order vacating the unwelcome judgment create a situation virtually or otherwise discontinuing the present action begun by the plaintiff. Actions are rarely discontinued by situation or of themselves. On most cases one may start and stop an action, as one may, to use the simile of Lord Maule, light a candle and

blow it out again; but, having lit his candle, he must be at pains to put it out betimes, lest it burn up his remedy.

Order appealed from affirmed, with costs to the respondents.

BLANCHARD, J., concurs in result.

FREEDMAN, P. J. (concurring). I concur with Mr. Justice Mac-LEAN in his disposition of this case. The plaintiff having applied for an order setting aside the judgment rendered on his default, and the order having been granted and the case set down for trial at a future day, he now appeals only from that part of the order which sets the case down for trial. It may be doubted whether he can accept the benefit of the order and repudiate the condition; but section 1367 of the consolidation act, as well as section 253, c. 580, Laws 1902, whichever may be applicable to this case, expressly provides that a justice may open any default, etc., and set the cause down for pleading, hearing, or trial as the case may require. The trial judge was clearly correct in making the order he did.

Order affirmed, with costs to respondents.